UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| NOEL CARDOSO-GONZALEZ,<br>    Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-16585 |
| ANADARKO PETROLEUM<br>CORPORATION, ET AL.,<br>    Defendants | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is Defendant Gulf South Services, Inc.'s Motion for Summary Judgment.[1] The motion is unopposed by Plaintiff Noel Cardoso-Gonzales. Accordingly, the Court considers the Defendant's statement of uncontested facts to be admitted pursuant to Local Rule 56.2. Although the motion for summary judgment is unopposed, summary judgment is not automatic, and the Court must determine whether the Defendant has shown an entitlement to judgment as a matter of law.[2]

## BACKGROUND

Plaintiff Noel Cardoso-Gonzales alleges that on August 13, 2016, he was working aboard the LUCIUS spar when an unsecured cable tray fell from overhead, striking him between the shoulder and neck and causing severe and disabling injuries.[3] Plaintiff was employed at the time by Omni Energy Services Corp., an independent contractor providing blasting and painting services aboard the LUCIUS.[4] On November 23, 2016, Plaintiff filed suit against (1) Anadarko Petroleum Corporation, the owner and/or

---

[1] R. Doc. 32.
[2] *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). FED. R. CIV. P. 56(a).
[3] R. Doc. 6 at 2-4. A cable tray is a metal tray through which various cables run. *See* R. Doc. 32-2 at 2 (Deposition of Louis De La Sierra).
[4] R. Doc. 32-4 at 3 (Deposition of Brandon Mouton).

1

operator of the LUCIUS; (2) W-Industries of Louisiana, LLC, which provided electrical services on the LUCIUS, including the installation of cable trays;[5] (3) Dolphin Services, L.L.C., which provided construction services on the LUCIUS, including the installation of braces and supports;[6] (4) Safezone Safety Systems, LLC; and (5) Gulf South Services, Inc. ("GSSI"), the spar's scaffolding supplier.[7] Plaintiff asserts a negligence claim against GSSI.[8]

GSSI moves for summary judgment on the grounds that Plaintiff has failed to produce evidence sufficient to state a negligence claim against GSSI under Louisiana law.[9] The motion is unopposed.

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "An issue is material if its resolution could affect the outcome of the action."[11] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[12] All reasonable inferences are drawn in favor of the nonmoving party.[13] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[5] R. Doc. 32-6 at 2 (Deposition of Sullivan J. Fortner).
[6] *Id.*
[7] R. Doc. 32-4 at 3 (Deposition of Brandon Mouton).
[8] R. Doc. 6 at 3.
[9] R. Doc. 32-1 at 4.
[10] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[11] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[13] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[14]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[15] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[16]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[17] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled

---

[14] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[15] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[16] *Celotex*, 477 U.S. at 322–24.
[17] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

to summary judgment as a matter of law.[18] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[19] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[20] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[21] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[22]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim.

---

[18] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[19] *Celotex*, 477 U.S. at 332–33.
[20] *Id.*
[21] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[22] *Id.*; *see also First National Bank of Arizona*, 391 U.S at 289.

4

'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[23]

## ANALYSIS

Plaintiffs assert a negligence claim against GSSI. To prove negligence under Louisiana law, a plaintiff must show (1) the defendant had a duty to conform its conduct to a specific standard of care; (2) the defendant failed to conform its conduct to the standard of care; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the injuries; and (5) actual damages.[24] The threshold question is whether the defendant owed a duty, which is a question of law.[25] In Louisiana, an independent contractor does not owe a duty to protect another independent contractor's employee "where it does not employ, share a contract, or actually supervise the plaintiff."[26]

The Court finds that there is no genuine dispute of material fact regarding the summary judgment evidence put forth by GSSI, and that therefore GSSI is entitled to judgment as a matter of law. First, there is no dispute that GSSI owed no duty to Plaintiff over and above the duty it owed to the general public. Mr. Cardoso-Gonzales was employed by Omni, and GSSI neither supervised Mr. Cardoso-Gonzales nor shared a contract with him.[27]

Second, there is no evidence to suggest that GSSI breached its ordinary duty of care. There is no evidence that any equipment owned by GSSI was involved in the

---

[23] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[24] *Brewer v. J.B. Hunt Transport, Inc.* 2009-1408 (La. 3/16/10), 35 So. 3d 230, 240.
[25] *Id.*
[26] *Fornah v. Tetra Applied Technologies, LLC*, 2017 WL 4791176 *5 (E.D. La. October 23, 2017).
[27] R. Doc. 32-5 at 2 (Deposition of Noel Cardoso-Gonzales).

accident, and no evidence that anyone employed by GSSI interacted in any way with the unsecured tray.[28] All parties agree that there is no reason to believe that GSSI or its equipment played any role in the accident.[29]

In the absence of any opposition filed by the Plaintiffs, there is no dispute regarding GSSI's statements of uncontested material fact.[30] The Court finds that GSSI is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that GSSI's motion for summary judgment is **GRANTED**. Defendant Gulf South Services, Inc. is entitled to judgment in its favor.

**New Orleans, Louisiana, this 9th day of November, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[28] *Id.* at 4.
[29] *See* R. Doc. 32-4 at 7 (Deposition of Brandon Mouton); R. Doc. 32-8 at 3 (Deposition of Anthony Rodriguez); R. Doc. 32-7 at 3 (Deposition of Thad Hopkins); R. Doc. 32-9 at 2 (Deposition of Douglas Lamey, Jr.).
[30] R. Doc. 32-10.