UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| NOEL CARDOSO-GONZALES, ET AL. | * | CIVIL ACTION NO. 16-16585 |
|---|---|---|
| | * | |
| | * | SECTION: "E"(1) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| ANADARKO PETROLEUM | * | |
| CORPORATION, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************** | * | |

ORDER AND REASONS

Before the Court is the Motion for Leave to File Second Amended Complaint filed by the Plaintiffs. (Rec. Doc. 34). For the following reasons, the Motion is GRANTED; Plaintiffs' Second Amended Complaint is hereby entered into the record.

Background

Plaintiff Noel Cardoso-Gonzalez alleges he was injured on August 13, 2016, while working aboard the Lucius KS-875, a platform located in the Gulf of Mexico and owned and/or operated by defendant Anadarko Petroleum Corporation ("Anadarko"). Cardoso-Gonzales alleges that without warning, an unsecured cable tray fell out of the rack from above and struck him between his right shoulder and neck. He filed suit against Anadarko, W-Industries of Louisiana, LLC ("W-I"), Dolphin Services, L.L.C. ("Dolphin"), Gulf South Services, Inc. ("Gulf South"), and Safezone Safety Systems, L.L.C. ("Safezone"), on November 23, 2016. A preliminary conference was held on April 4, 2017. The scheduling order sets the deadline for pleading amendments as May 4, 2017.

Plaintiffs now seek to amend their Complaint to add a new defendant, Paloma Energy Consultants, L.P. ("Paloma"). Plaintiffs assert that it was not until four depositions taken between October 16, 2017, and October 24, 2017, that they learned of Paloma's role in the alleged incident. They point to deposition testimony indicating that Paloma was retained by Anadarko and was

1

responsible for inspecting the cable trays installed by W-I as well as the supports that hold the cable tray racks, which were welded and put in place by Dolphin. They say Paloma must be made a defendant because it bears potential liability for the injuries suffered by Cardoso-Gonzales.

Plaintiffs' Motion for Leave to Amend is not opposed by the Defendants. However, the deadline to amend pleadings has passed and so consent by the parties does not operate to allow the amendment. Instead, the District Judge instructed that the Plaintiffs set the Motion for Leave to Amend before the undersigned.

<u>Law and Analysis</u>

1. *Standard to Amend Pleadings after Deadline*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. However, when the court ordered deadline for amending pleadings has passed, an amended pleading will be allowed "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(2); see <u>S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA</u>, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). In determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " <u>S&W Enterprises</u>, 315 F.3d at 536 (quoting <u>Reliance Ins. Co. v. Louisiana Land & Expl. Co.</u>, 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original). Thus, in <u>S&W Enterprises</u>, the Fifth Circuit affirmed the district court's denial of leave to amend because the movant had offered "effectively no explanation," additional discovery would be required, and a continuance would unnecessarily

delay the trial. Id. at 536-37; see Santacruz v. Allstate Texas Lloyd's, Inc., 590 F. App'x 384, 389 (5th Cir. 2014) (affirming the district court's denial of a motion for leave to amend the complaint to add a breach of contract claim filed four months after the scheduling order deadline passed where the amendment would reopen discovery and permit the refiling of a dispositive motion).

   2. *Analysis*

The Court finds that the Plaintiffs have established good cause for their proposed amendment. Plaintiffs' explanation for failing to amend prior to the May 4, 2017, pleading amendment deadline is that Plaintiffs did not know the identity of Paloma at that time. Plaintiffs explain that the parties have been working together to coordinate depositions since the scheduling order was issued. It was not until the depositions taken in October 2017 that Plaintiffs learned of Paloma's role. The Court finds no reason to suspect undue delay.

The Court next considers the importance of the amendment and finds that the amendment is important to ensure the presence in this lawsuit of all parties that may bear responsibility for the injuries Plaintiffs claim to have suffered as a result of the August 13, 2016, accident. As to potential prejudice, the Court notes that the defendants do not oppose the proposed amendment. Thus, it appears that the current parties do not believe they will suffer any prejudice. Presumably the addition of Paloma will require some additional discovery to determine its role. But Plaintiffs underscore that no new theories of liability or causes of action will be raised, and they argue that numerous depositions or extensive discovery will not be required by the amendment. Trial in this matter is set for March 2, 2018. The discovery cutoff is January 1, 2018. While there is not much time left, if the parties move quickly it is possible they can be prepared for trial in two and a half months. Of course, Paloma is not present in this matter to argue its position on potential prejudice. Nonetheless, the Court finds the importance of the amendment to a just resolution of the dispute

outweighs the potential prejudice to Paloma. Moreover, to the extent Paloma needs additional time to prepare for trial, the District Court may be willing to grant a continuance of some pretrial deadlines and perhaps even the trial.[1] The matter has not previously been continued and there is no reason to suspect a lack of diligence by the parties at this time. Thus, the final factor (the availability of a continuance to cure any prejudice) also weighs in favor of granting Plaintiffs' request.

## Conclusion

For the foregoing reasons, the Motion for Leave to Amend is GRANTED; Plaintiffs' Second Amended Complaint is hereby entered into the record.

New Orleans, Louisiana, this 15th day of November, 2017.

                                            Janis van Meerveld
                                   United States Magistrate Judge

---

[1] The decision on whether a continuance is available is a question for the District Judge.